O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-07697 AHM (SHx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | PASCUAL MARTINEZ v. BUFFETS, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On October 22, 2009, Plaintiff Pascual Martinez filed this action based on diversity jurisdiction under 28 U.S.C. § 1332. Complaint ¶ 18. The Complaint alleges that Plaintiff resides in California. *Id*. ¶ 11. The Complaint also alleges that Defendants "Buffetts, Inc.," and their wholly owned subsidiary "Hometown Buffett," are Minnesota corporations with their executive offices in Minnesota. *Id*. ¶¶ 14-15.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different State." 28 U.S.C. § 1332(a). To be "a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (emphasis in original). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

The Complaint alleges that Plaintiff *resides* in California, but not that he is domiciled there. Additionally, Plaintiff's allegations that Defendants are "Minnesota corporation[s]" with their executive offices in Minnesota fail to identify Defendants' principal place of business. Plaintiff's allegations therefore do not conclusively establish diversity jurisdiction.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07697 AHM (SHx) | Date | October 30, 2009 |
|---|---|---|---|
| Title | PASCUAL MARTINEZ v. BUFFETS, INC., et al. | | |

    Accordingly, and good cause appearing therefor, the Court hereby ORDERS Plaintiff TO SHOW CAUSE on or before November 10, 2009, why this action should not be dismissed for lack of diversity jurisdiction.

    Failure to respond on or before that date will be construed as consent to dismissal.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |